# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **Oscar Reinaldo Galan Huezo,** § | |
| *Plaintiff* § | |
| § | Case No. 1:24-cv-00132-RP |
| **v.** § | |
| § | |
| **DJR, Inc. d/b/a Encore Mechanical,** § | |
| *Defendant* § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:   THE HONORABLE ROBERT PITMAN**
       **UNITED STATES DISTRICT JUDGE**

Before the Court is Plaintiff Oscar Reinaldo Galan Huezo's Motion for Default Judgment, filed September 17, 2024 (Dkt. 24). By Text Order entered October 8, 2024, the District Court referred the motion to this Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

### I.   Background

Plaintiff Oscar Reinaldo Galan Huezo sued Defendants DJR, Inc., d/b/a Encore Mechanical, Dale Reeves, and Tammi Danielson on February 6, 2024, alleging violations of the Fair Labor Standards Act ("FLSA"). Complaint, Dkt. 1 ¶ 1. The District Court dismissed Plaintiff's claims against Reeves and Danielson following Plaintiff's Notice of Voluntary Dismissal. Dkts. 12, 14.

Plaintiff alleges that DJR is a business that employed him to perform installation and welding duties. Dkt. 1 ¶ 14. He also alleges that he was an employee covered by the FLSA, which DJR violated by failing to pay overtime wages. *Id.* ¶¶ 14, 21.

Plaintiff served DJR with the summons and Complaint through the Texas Secretary of State on July 22, 2024. Dkts. 16, 21. DJR made no appearance. The District Court ordered Plaintiff to file proof that the Texas Secretary of State accomplished service on DJR and denied Plaintiff's motion for Clerk's entry of default. Dkt. 20 at 3. Plaintiff submitted proof that the Texas Secretary of State served DJR, and the Clerk entered default against DJR on September 4, 2024. Dkts. 21, 23. Plaintiff now asks the Court to enter a default judgment against DJR and award damages, attorneys' fees, and costs.

## II.  Legal Standard

Under Rule 55, a default occurs when a defendant fails to plead or otherwise respond to a complaint within the time required. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). After the defendant's default has been entered by the clerk of court, the plaintiff may apply for a judgment based on the default. *Id.* Even when the defendant technically is in default, however, a party is not entitled to a default judgment as a matter of right. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). There must be a sufficient basis in the pleadings for the judgment entered. *Nishimatsu Constr. Co. v. Hous. Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975).

After entry of default, the plaintiff's well-pleaded factual allegations are taken as true, except as to damages. *United States v. Shipco Gen., Inc.,* 814 F.2d 1011, 1014 (5th Cir. 1987); *see also Nishimatsu,* 515 F.2d at 1206 (stating that the defendant, by default, "admits the plaintiff's well-pleaded allegations of fact"). But a default "is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover," and the defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. *Nishimatsu,* 515 F.2d at 1206.

Entry of a default judgment is within the court's discretion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Under Rule 55(b)(2), a court may hold a hearing to conduct an

accounting, determine the amount of damages, or establish the truth of any allegation, but a hearing is unnecessary if the court finds it can rely on detailed affidavits and other documentary evidence to determine whether to grant a default judgment. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). The Court finds that no hearing is necessary.

### III.     Analysis

In considering any motion for default judgment, a court must examine jurisdiction, liability, and damages. *Rabin v. McClain*, 881 F. Supp. 2d 758, 763 (W.D. Tex. 2012).

**A. Jurisdiction**

When a party seeks entry of a default judgment under Rule 55, "the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 324 (5th Cir. 2001) (citation omitted). Because Plaintiff asserts claims under the FLSA, he invokes the Court's original federal question jurisdiction under 28 U.S.C. § 1331.

Generally, a court may exercise general personal jurisdiction over a corporation in (1) the state of incorporation and (2) the state where it has its principal place of business. *Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 337 (5th Cir. 2020). A corporation's principal place of business is its "nerve center," which is ordinarily where it maintains its headquarters. *Villamil v. Fayrustin*, 730 F. Supp. 3d 328, 337 (W.D. Tex. 2024) (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, (2010)). The Court has personal jurisdiction over DJR because Plaintiff alleges that DJR is a business that is "located, headquartered, and conducts business in Austin, Texas." Dkt. 1 ¶ 3.

Before a court may exercise jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. *Maiz v. Virani*, 311 F.3d 334, 340 (5th Cir. 2002). As stated above, Plaintiff effected service by serving the Texas Secretary of State. Dkt. 16. The Secretary of

State then forwarded the documents to be served on August 6, 2024. Dkt. 21. Rule 4(h) allows a corporation to be served in the manner prescribed by Rule 4(e)(1). Rule 4(e)(1) allows for service to be effected by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Texas law permits service on the Texas Secretary of State if service on the registered agent of a corporation cannot be effected through reasonable diligence. TEX. BUS. ORGS. CODE ANN. § 5.251.

The process server stated in his affidavit that he tried to serve DJR four times through its registered agent. Dkt. 7. On the fourth attempt, the process server was told that DJR's registered agent had died. *Id.* After the unsuccessful service attempts, the District Court granted Plaintiff's Motion for Extension of Time to Effectuate Service by Text Order entered July 17, 2024. Plaintiff then filed the Certificate of Service issued by the Texas Secretary of State. Dkt. 21.

The Court finds that Plaintiff exercised reasonable diligence and could serve the Texas Secretary of State under Texas law. Plaintiff has served DJR in compliance with Rule 4 and Texas law, and the Court may exercise personal jurisdiction over it.

## B. Liability

The Court next considers whether a default judgment is procedurally warranted against DJR and the Complaint sufficiently sets forth facts showing that Plaintiff is entitled to relief. *RLI Ins. v. 2 G Energy Sys., L.L.C.*, 581 F. Supp. 3d 817, 823 (W.D. Tex. 2020).

### 1. Default Judgment is Procedurally Warranted

In determining whether a default judgment is procedurally warranted, courts consider:

    (1) whether material issues of fact are at issue;
    (2) whether there has been substantial prejudice;
    (3) whether the grounds for default are clearly established;
    (4) whether the default was caused by a good-faith mistake or excusable neglect;
    (5) the harshness of a default judgment; and

(6) whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893.

The Court finds that default judgment is procedurally warranted. First, there are no material facts in dispute because DJR has not filed an answer or any responsive pleadings. *Nishimatsu*, 515 F.2d at 1206. Second, DJR's "failure to respond threatens to bring the entire process to a halt, effectively prejudicing [Plaintiff's] interest." *RLI Ins.*, 581 F. Supp. 3d at 824. Third, the grounds for default are clearly established. The Clerk has entered default against DJR, which was served and has "failed to appear and participate at all, much less timely file a responsive pleading." *Can Cap. Asset Servicing, Inc. v. Walker*, No. 1:17-CV-1147-RP, 2019 WL 2298703, at *2 (W.D. Tex. May 30, 2019). Fourth, the Court cannot find a good-faith mistake or excusable neglect because DJR has failed to appear. Fifth, although Plaintiff seeks damages, he seeks only those damages to which he is entitled under the FLSA, limiting the harshness of a default judgment. Sixth, "the Court is not aware of any facts that would obligate it to set aside the default if challenged" by DJR. *Id.* For these reasons, the Court finds that default judgment is procedurally warranted.

**2. There Is a Sufficient Basis for Judgment in the Pleadings**

Plaintiff alleges that DJR violated the FLSA by employing him for workweeks longer than 40 hours without compensating him at the overtime rate of one-and-one-half times his regular pay for all hours worked over 40 hours per week. An employee bringing an FLSA action for unpaid overtime compensation must show: (1) an employer-employee relationship existed during the unpaid overtime periods claimed; (2) the employee engaged in activities within the coverage of the FLSA; (3) the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due. *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014).

5

Plaintiff alleges:

(1) DJR employed him to perform installation and welding duties, Dkt. 1 ¶ 4;

(2) DJR is a privately owned for-profit entity whose owner and president Dale Reeves and officer Tammi Danielson had the power to hire and fire Plaintiff, supervised and controlled Plaintiff's work schedules and conditions of employment, set Plaintiff's rate and method of pay, and maintained employment records, *id.* ¶¶ 4, 5, 9-11;

(3) DJR has an "annual gross volume of sales made or business done of at least $500,000" and is "engaged in interstate commerce or in the production of goods for interstate commerce," *id.* ¶ 6.

(4) Plaintiff worked 56 hours per week on average for DJR from April 2016 to March 7, 2023 at $18.50 per hour, *id.* ¶¶ 13, 15, 18;

(5) DJR paid no overtime premiums to Plaintiff for any hours worked over 40 per workweek, *id.* ¶ 20; and

(6) DJR always had more than four employees. Dkt. 24 at 6.

By defaulting, DJR admitted these facts. *Nishimatsu*, 515 F.2d at 1206.

These facts as alleged satisfy all four factors for an FLSA action for unpaid overtime compensation. First, under the FLSA, an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). A "person" under the FLSA includes a corporation. *Id.* § 203(a). Courts consider whether the putative employer (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. *Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir. 2010). Plaintiff shows that DJR employed him.

For the second element, Plaintiff shows that he is covered by the FLSA because DJR was an enterprise engaged in commerce. *Ramos v. HT Elecs., L.L.C.*, No. SA-18-CV-00430-DAE, 2018 WL 6040257, at *3 (W.D. Tex. Nov. 19, 2018), *R. & R. adopted*, No. 5:18-CV-430-DAE, 2019 WL 1313458 (W.D. Tex. Jan. 29, 2019). An enterprise engaged in commerce includes an enterprise that "has employees engaged in commerce or in the production of goods for commerce,

or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and that has an annual gross volume of sales made or business done of at least $500,000. 29 U.S.C. § 203(s)(1)(A); *Molina-Aranda v. Black Magic Enters., L.L.C.*, 983 F.3d 779, 785-86 (5th Cir. 2020).

For the third element, Plaintiff properly alleges that DJR failed to pay him at a rate not less than one and one-half times his regular rate for each hour worked over 40 hours per workweek for the identified periods. 29 U.S.C. § 207(a)(2).

Finally, Plaintiff pleaded the amount of overtime compensation due with sufficient facts to put DJR on notice of the approximate amount owed. *Womack v. Superior Energy Servs. – N. Am. Servs., Inc.*, No. MO:19-CV-00074-DC-RCG, 2019 WL 7761428, at *3 (W.D. Tex. Oct. 21, 2019) (citation omitted), *R. & R. adopted*, 2020 WL 1902564 (W.D. Tex. Jan. 3, 2020).

The Court finds that Plaintiff is entitled to default judgment on his FLSA overtime claim.

## C. Relief

Finally, the Court determines the appropriate relief. Plaintiff seeks his unpaid wages, liquidated damages, and attorneys' fees and costs. Dkt. 24 at 2.

### 1. Unpaid Wages and Liquidated Damages

The plaintiff in a successful unpaid overtime case shall recover "actual damages in unpaid overtime as well as an 'additional equal amount as liquidated damages.'" *Black v. SettlePou, P.C.*, 732 F.3d 492, 501 (5th Cir. 2013) (quoting 29 U.S.C. § 216(b)). The plaintiff must prove the amount of overtime compensation due by a preponderance of the evidence. *Johnson*, 758 F.3d at 630.

Plaintiff requests $14,356 in unpaid overtime. He submits an affidavit stating that he worked for DJR "on or before April 2016 until March 7, 2023," and that he "averaged over fifty six (56)

7

hours per week" at a pay rate of $18.50 per hour. Dkt. 24 at 6 ¶¶ 3, 5, 7 ¶ 8. He also avers that he was "never paid 'time-and-a-half' wages for any hours in excess of forty (40) hours per week." *Id.* at 7 ¶ 9. He submits his calculations for his unpaid overtime showing that he was not paid $148 in overtime pay per week for 97 weeks, totaling $14,356.[1] *Id.* at 8-9. Courts have found similar declarations by plaintiffs in FLSA actions sufficient proof to establish damages for uncompensated overtime. *Champion v. Phaselink Util. Sols., L.L.C.*, No. SA-22-CV-00145-JKP, 2022 WL 3693461, at *8 (W.D. Tex. Aug. 24, 2022) (collecting cases).

The Court finds that Plaintiff worked 56 hours per week for 97 weeks and was paid $18.50 per hour but was entitled to be paid 16 hours of overtime each week at $27.75 per hour. His unpaid overtime wages of $9.25 per hour for 16 hours for each of 97 weeks equals $14,356.

The Court also finds that liquidated damages equal to the unpaid wages are appropriate because DJR has not met its burden to show "good faith and reasonableness in violating the FLSA." *Gauna v. Tex. AAA Vacuum Truck & Outhouse Serv., L.L.C.*, No. SA-16-CA-402-XR, 2016 WL 8856915, at *3 (W.D. Tex. Nov. 3, 2016). That brings the total award to $28,712.

**2. Attorneys' Fees and Costs**

Attorneys' fees and costs are mandatory in a successful FLSA action. 29 U.S.C. § 216(b). Plaintiff requests $3,468.65 in attorneys' fees and $796 in costs. Dkt. 24 at 2, 13.

Courts in the Fifth Circuit use the "lodestar method" to calculate an appropriate fee award. *Cruz v. Maverick Cnty.*, 957 F.3d 563, 574 (5th Cir. 2020). The lodestar amount is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate: the market rate in the community for the work. *Id.* "[T]here is a 'strong presumption' that the

---

[1] Plaintiff's claim for a willful violation of the FLSA is subject to a three-year statute of limitations. *Ellis v. Viking Enters., Inc.*, No. SA-18-CV-00772-ESC, 2019 WL 6271784, at *2 (W.D. Tex. Nov. 22, 2019) (citing 29 U.S.C. § 255(a)).

lodestar figure is reasonable." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010). After calculating the lodestar amount, a court may enhance or decrease the amount of fees based on the factors set forth in *Johnson v. Ga. Highway Express, Inc*. 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989).[2] The party seeking fees has the burden to show the reasonableness of the hours billed and the exercise of reasonable billing judgment. *Walker v. U.S. Dep't of Hous. & Urb. Dev.*, 99 F.3d 761, 770 (5th Cir. 1996).

Plaintiff submits a declaration from his counsel, James M. Dore, who submits a list with descriptions of each of his activities in this case totaling 8.65 hours of work at an hourly rate of $400, for total fees of $3,468.65. Dkt. 24 at 12-13. The actual total is $3,460, slightly less than Plaintiff's calculation, so the Court reduces the attorney's fee award by $8.65 to correct this mathematical error.

Dore's declaration also attests to the reasonableness of the rates "charged by attorneys and staff of a comparative level, serving the same legal market." *Id.* at 11. The Court finds that a $400 hourly rate is reasonable and within the range of rates awarded to attorneys in FLSA cases in this District. *E.g.*, *Meesook v. Grey Canyon Fam. Med., P.A.*, No. 5:13-CV-729-XR, 2014 WL 5040133, at *4 (W.D. Tex. Oct. 8, 2014) (finding $400 per hour a reasonable and customary rate in an FLSA case). The lodestar amount, multiplying reasonable rates by hours worked, is $3,460. After considering the *Johnson* factors, the Court declines to adjust the lodestar.

---

[2] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues in the case; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

Plaintiff also requests recovery of costs, comprising the $405 filing fee and $391 for service. Dkt. 24 at 2, 13. The filing fee is recoverable under 28 U.S.C. § 1920(1). Because fees for private service of process are not listed in § 1920(1), they are not recoverable without a showing of "exceptional" circumstance. *Honestech, Inc. v. Sonic Sols.*, 725 F. Supp. 2d 573, 585 (W.D. Tex. 2010). Plaintiff has not shown exceptional circumstances, so he is entitled to $405 in costs.

## IV.   Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Plaintiff's Motion for Default Judgment (Dkt. 24) and **ENTER DEFAULT JUDGMENT** under Rule 55(b) against Defendant DJR., Inc. d/b/a Encore Mechanical on Plaintiff's claim under the Fair Labor Standards Act.

This Magistrate Judge **FURTHER RECOMMENDS** that the District Court award Plaintiff $3,460 in attorneys' fees and $405 in costs and, pursuant to 29 U.S.C. § 216(b), $14,356 in unpaid overtime compensation and $14,356 in liquidated damages.

It is **ORDERED** that the Clerk remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Robert Pitman.

## V.   Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. See *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds

of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. See 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on May 16, 2025.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE